IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: |
| RONALD J. LILLARD, PETE MARTINEZ, JR., EMPYREAN AUTO GROUP, LLC, AND STEPHANIE LILLARD, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Santander Bank, N.A. ("Plaintiff" or "Santander") files its Original Complaint against Defendants Ronald J. Lillard, Pete Martinez, Jr., Empyrean Auto Group, LLC, and Stephanie Lillard, also known as Stephanie Ramos (collectively, "Defendants") and respectfully states as follows:

## I.   PRELIMINARY STATEMENT

1. On March 15, 2019, Santander initiated a lawsuit against Ronald J. Lillard, Pete Martinez, Jr., Empyrean Auto Group, LLC, and Basin Subaru, LLC, for failing to comply with their payment obligations under Santander's financing.

2. Santander obtained a judgment against Ronald J. Lillard ("Lillard"), Pete Martinez, Jr. ("Martinez"), Empyrean Auto Group, LLC ("Empyrean"), and Basin Subaru, LLC ("Basin Subaru") on October 19, 2022.

3. To date, Lillard, Martinez, Empyrean, and Basin have refused to pay any portion of the October 19, 2022 judgment.

1

4. This is an action to recover upon the October 19, 2022, judgment and to recover assets, including those fraudulently transferred in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code Ann. §§ 24.000 *et seq*. Lillard, Martinez, and Empyrean fraudulently transferred assets in an effort to avoid payment to Santander and collection on the judgment, and Stephanie Lillard assisted and conspired in those efforts.

## II. THE PARTIES

5. Plaintiff is a national banking association with its principal place of business in Wilmington, Delaware, and is a citizen of the State of Delaware.

6. Upon information and belief, Defendant Ronald J. Lillard is an individual residing in and a citizen of the State of Texas and may be served at 802 S. Caranchua, Unit 2-121, Corpus Christi, Texas 78404, or anywhere he may be found.

7. Upon information and belief, Defendant Pete Martinez, Jr. is a resident and citizen of the State of Texas and may be served at 4524 Corsair, Midland, Texas, or anywhere he may be found.

8. Upon information and belief, Defendant Empyrean Auto Group, LLC is a Texas limited liability company and has two members. Empyrean Auto Group, LLC's two members, Lillard and Martinez, are citizens of the State of Texas. Empyrean may be served through its registered agent for service of process Ronnie Lillard, 802 S. Caranchua, Unit 2-121, Corpus Christi, Texas 78404, or anywhere he may be found.

9. Upon information and belief, Defendant Stephanie Lillard is an individual residing in and a citizen of the State of Texas and may be served at 802 S. Caranchua, Unit 2-121, Corpus Christi, Texas 78404, or anywhere she may be found.

## III.   JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332 because Santander and the Defendants have complete diversity of citizenship, and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

11. The Court has personal jurisdiction over Defendants Ronald Lillard, Pete Martinez, Jr., Empyrean, and Stephanie Lillard because they are citizens of Texas and were citizens of Texas when they fraudulently transferred money and assets.

12. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) as this is the district where the acts giving rise to the action occurred and where certain property at issue is located.

## IV.   FACTUAL BACKGROUND

13. On or about October 3, 2017, Santander, as the lender, and Empyrean and Basin (collectively, the "Dealers" or "Borrowers"), as borrowers, entered into a Floorplan Financing and Security Agreement (the "Financing Agreement"), pursuant to which, among other provisions, Santander agreed to make advances to the Dealers to enable the Dealers to acquire motor vehicles to sell.

14. On or about October 3, 2017, Lillard signed a written unlimited guarantee of all Empyrean and Basin's obligations to Santander.

15. On or about October 3, 2017, Martinez signed a written unlimited guarantee of all Empyrean and Basin's obligations to Santander.

16. Empyrean and Basin defaulted on their payments due to Santander under the Financing Agreement.

17. On or about July 31, 2018, Santander notified the Dealers that they had defaulted under the terms of the Financing Agreement by failing to remit payment to Santander for motor

vehicles that they had sold.

18. Santander and others commenced their action against defendants Empyrean Auto Group, LLC, Basin Subaru, LLC, Ronald J. Lillard, and Pete Martinez, Jr., in the United States District Court for The Southern District of Texas Corpus Christi Division on or about March 19, 2019, assigned civil action no. 2:19-cv-00088-DSM (the "Underlying Lawsuit"), alleging the defendants defaulted on their loan.

19. Plaintiff recovered judgment against defendants Empyrean Auto Group, LLC, Basin Subaru, LLC, Ronald J. Lillard, and Pete Martinez, Jr., in the United States District Court for The Southern District of Texas Corpus Christi Division on October 19, 2022, for $4,775,402.72 (the "Judgment").

20. Plaintiff is the owner and holder of the Judgment and said Judgment remains in full force and effect and has not been satisfied to any extent.

21. Prior to obtaining the Judgment in the Underlying Lawsuit, Santander propounded written discovery on Lillard, Martinez, and Empyrean. Santander requested information regarding Lillard's and Martinez's assets and transfers of their assets.

22. Lillard, Empyrean, and Martinez concealed their assets during discovery in the Underlying Lawsuit.

23. After obtaining the Judgment in the Underlying Lawsuit, Santander served post-judgment discovery in the Underlying Lawsuit to obtain information regarding Lillard's and Martinez's assets. *See Exhibit A* – Plaintiff's November 18, 2022 Post-Judgment Discovery Requests to Empyrean, Basin, Lillard, and Martinez; *Exhibit B* – Plaintiff's March 21, 2023 Post-Judgment Discovery Requests to Lillard and Empyrean.

24. On or about January 9, 2023, Martinez produced responses to Plaintiff's post-

4

judgment discovery. Specifically, Martinez failed to disclose his transfer of nonprotected assets.

25. Due to Lillard's and Empyrean's failure to respond to Plaintiff's requested post-judgment discovery, Plaintiff filed its Motion to Compel discovery responses from Lillard and Empyrean on May 24, 2023. The Court granted Santander's Motion to Compel on August 2, 2023, ordering Lillard and Empyrean to answer Santander's post-judgment discovery. *See Exhibit C* – Court's Order Granting Motion to Compel.

26. Pursuant to the Court's order, on or about September 1, 2023, Lillard and Empyrean produced responses to Plaintiff's post-judgment discovery. *See Exhibit D* – Lillard's Answers to Plaintiff's Post-Judgment Interrogatories. Lillard did not disclose his transfers of assets, income, or joint ventures. Empyrean failed to disclose its transfer of assets and income in its written discovery responses, and instead buried such information in its document production. *See Exhibit D*.

27. On September 19, 2023, Lillard and Empyrean produced the first supplemental responses to Plaintiff's post-judgment discovery. *See Exhibit E* – Lillard's Supplemental Discovery Responses. Although Lillard provided additional responses, he again concealed his transfers and involvements in other entities.

> **INTERROGATORY NO. 33:** Identify all transferees of any of your income or assets in whole or in part, during the relevant time period, or that are transferees of an ownership interest in any of your income or assets, in whole or in part, during the relevant time period, including:
>
> a) Banks, financial institutions, brokerage firms, and investment firms.
> b) Accountants.
> c) Business partners.
> d) Friends, family members, and associates.
> e) Other individuals, institutions, and entities.
>
> **ANSWER:**
>
> a. Please refer to Defendant's Responses to Request for Production Exhibit "D" – Financial Bank Statements.
> b. Please refer to Defendant's Responses to Request for Production Exhibit "B"- 2015-2021 Income Tax Documents.
> c. Ronald Lillard and Pete Martinez
> d. None
> e. None.

*See Exhibit E.*

> **INTERROGATORY NO. 34:** Identify the income or assets transferred to any third party, referenced in Interrogatory No. 33, above.
>
> **ANSWER:** Please refer to Defendant's Responses to Request for Production Exhibit "B"- 2015-2021 Income Tax Documents.
>
> **INTERROGATORY NO. 35:** Identify all documents evidencing transfers of your income or assets to any third party, referenced in Interrogatory No. 34, above.
>
> **ANSWER:** Please refer to Defendant's Responses to Request for Production Exhibit "B"- 2015-2021 Income Tax Documents.

*See id.*

> **INTERROGATORY NO. 36:** Identify and describe any transaction in which you engaged that was outside your business during the relevant time period, including but not limited to any transaction involving:
>
>   a) Contractual agreements.
>
>   b) Certificates of title or deeds.
>
>   c) Publicly filed documents.
>
> **ANSWER:** None.

*See id.*

28.  Lillard further concealed the identity of business entities that he owns/owns or operates/operates.

> **INTERROGATORY NO. 1:** Describe your business/occupation during the relevant time period, including but not limited to:
>
> a) The nature of your business/occupation.
>
> b) The name, address, and state of incorporation or organization of any corporate or other business entity you owned or operated during the relevant time period.
>
> c) The shareholders, directors, officers, partners, members, managers, or other owners or operators of any entity identified in response to Interrogatory No. 1(b), above.
>
> d) The name, address, and state of incorporation or organization of any parent, subsidiary, division, general partner, joint venture, or affiliate of any entity identified in response to Interrogatory No. 1 (b), above.
>
> e) The name, address, and telephone number of all friends, family members, partners, or business associates with whom you engaged in any transaction during the relevant time period.
>
> **ANSWER:**
>
> a. Lawn service/Student Pilot, RLNA Holdings on point armory, PMRL Investments.
>
> b. Please refer to Defendant's Responses to Request for Production Exhibit "A" as well as RFP #11-1, 11-2 and 11-3 - Documents pertaining to property and business.
>
> c. Ronald Lillard, Pete Martinez, Nathan Allen Arn, .
>
> d. 3615 S.P.I.D., Corpus Christi, Texas
> 3917 W. Wall, Midland, Texas.
> 14721 Attoyac Drive, Corpus Christi, Texas.
>
> e. Partner, Pete Martinez; Tel#: (432) 661-7492
> Partner, Nathan Allen Arn; Tel #: (361) 726-2553

*See id.*

29. In his post-judgment interrogatory responses, Lillard only provided information disclosing his ownership interests in: (1) PMRL Investments, LLC with Martinez; (2) PMRL, LLC with Martinez; (3) PMRL Transport LLC with Martinez; (4) RLNA Holdings LLC d/b/a On Point

7

Armory with Nathan Arn; and (5) Rapid Warranties LLC with Martinez.

30. Specifically, as evidenced by his post-judgment discovery responses, Lillard intentionally withheld his involvement with Sandy Gate Homes LLC, Premier Coverage LLC, Shoreway Investments LLC, Lillard Family Rentals, LLC, and Lillard Auto Group, LLC.

31. Lillard Family Rentals, LLC, Premier Coverage LLC, and Shoreway Investments LLC all list 6210 South Padre Island Drive, Corpus Christi, Texas 78412 as their initial address and for their registered agents for service of process with the Texas Secretary of State. *See Exhibit F* – Secretary of State Business Entity information for all referenced entities.

32. Upon information and belief, Ronald J. Lillard fraudulently transferred assets to the following relatives and individuals, some of whom are involved with the above-referenced entities not disclosed by Lillard: Stephanie Lillard, also known as Stephanie Ramos, Gesell Lillard, James Lillard Nucamendi, and Robert Lee Hodges. *See Exhibit F*.

33. On December 12, 2023, Santander deposed Martinez as part of Plaintiff's post-judgment discovery to obtain additional information about the parties' asset transfers.

34. As Martinez testified during his deposition, Lillard and Martinez are the only two members of PMRL Investments, LLC.

```
18     Q.  Okay.  We'll go down to PMRL Investments, LLC.
19  It says you have 50 percent ownership interest.  It's
20  yourself and who else?
21     A.  Ronnie Lillard.  Ronald James Lillard.
```

*See Exhibit G* – Excerpts from Dec. 23, 2023 Dep. of Pete Martinez, Jr., 24:18 – 24:21.

8

35. Martinez is also the registered agent for PMRL Investments, LLC, in the State of Texas. *See Exhibit H*.

36. Martinez further testified that PMRL Investments, LLC owned property in Corpus Christi after the Judgment was entered:

```
 3      Q.  Okay.  Um, does PMRL Investments, uh, hold any
 4   assets currently?
 5      A.  In -- yes, in Corpus Christi, I believe there's
 6   still two or three properties under PMRL Investments.
 7      Q.  Do you know the addresses of those companies?
 8      A.  I -- I can get you the addresses to those
 9   companies.  I don't know them right off the top of my
10   head.
11           MR. BROCKETT:  You mean the properties?
12           MS. CHACON:  Yes.  I apologize.  The
13   properties.
14      A.  The properties, yes, ma'am.
```

*See Exhibit G* at 25:3 – 25:6.

37. On information and belief, on or around July 6, 2023, Martinez and/or Lillard transferred PMRL Investments, LLC's property at 6210 South Padre Island Drive, Corpus Christi, Texas 78412, to Shoreway Investments LLC. *See Exhibit I* – Public Records Deed Information for Property. As noted, 6210 South Padre Island Drive, Corpus Christi, Texas 78412, is the initial address and address for the registered agents of all the business entities which Lillard concealed. Ten Star Auto Group, LLC, with whom Robert Lee Hodges is affiliated, also registers the address with the Texas Secretary of State. *See Exhibit E* – Secretary of State Information for Ten Star Auto Group, LLC. Lillard also serves as the registered agent for service of process for Shoreway

Investments LLC. *See Exhibit E*.

38. Defendants fraudulently transferred assets to prevent Santander from collecting money for the Judgment in the Underlying Lawsuit. As necessary, Santander asserts the application of the Uniform Fraudulent Transfer Act as in effect in other pertinent jurisdictions.

## V. CAUSES OF ACTION

### COUNT I.

### COLLECTION ON JUDGMENT

39. Plaintiff incorporates by reference and restates paragraphs 1 through 38 above.

40. On October 19, 2022, the Court entered the Judgment against Empyrean, Lillard, and Martinez in the Underlying Lawsuit for $4,775,402.72, plus costs of court, prejudgment interest, and conditional fees. With a post-judgment interest rate of 4.15%, and additional attorney's fees, the balance of the judgment currently exceeds $ 7,000,636.37.

41. Santander has consistently pursued collection of the Judgment since its entry in October 2022.

42. Following entry of the Judgment, Santander served post-judgment discovery upon Lillard, Martinez, and Empyrean on or around November 18, 2022, to pursue collection of the Judgment. *See Exhibit A*. It subsequently served a second set of discovery requests upon Empyrean and Lillard. *See Exhibit B*.

43. Santander also filed Abstracts of Judgment for Empyrean, Lillard, and Martinez on or around January 6, 2023.

44. The Court entered Abstracts of Judgment for Martinez, Lillard, and Empyrean on February 22, 2024.

45. In addition, Santander has consistently pursued potential voluntary payment plans

by Martinez, Lillard, and Empyrean to collect the Judgment through communications with their counsel. To date, Martinez, Lillard, and Empyrean refuse to pay any amount towards the Judgment.

46. Defendants Lillard, Empyrean, and Martinez have failed to make full, or any payment, of the Judgment.

## COUNT II.

## FRAUDULENT TRANSFERS

47. Plaintiff incorporates by reference and restates paragraphs 1 through 46 above.

48. Santander brings claims pursuant to Section 24.005 of the TUFTA. Section 24.005(a)(1) of TUFTA provides that a transfer is fraudulent to a creditor if the debtor made the transfer with actual intent to hinder, delay, or default any creditor of the debtor.

49. Under Section 24.005(b) of TUFTA, the Court may consider certain factors when determining the intent of a transferor, including, among others, whether:

    a. The debtor retained possession or control of the property transferred after the transfer;

    b. The transfer was concealed;

    c. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

    d. The transfer was of substantially all the debtor's assets;

    e. The debtor absconded;

    f. The debtor removed or concealed assets;

    g. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, and

    h. The transfer occurred shortly before or shortly after a substantial debt was

incurred.

50. Defendant Lillard, Martinez, and Empyrean have alienated themselves from assets by transferring the same to other entities and individuals, including Stephanie Lillard, to avoid paying Santander and the Judgment in the Underlying Lawsuit.

51. For instance, PMRL Investments, LLC subsequently sold the same property in Corpus Christi to Shoreway Investments LLC on or around July 6, 2023, after entry of the Judgment. Martinez and Lillard are the only two members of PMRL Investments, LLC, and the sale of the Corpus Christi property was not disclosed. Moreover, Lillard concealed his interest in Shoreway Investments, LLC.

52. Stephanie Lillard listed the Corpus Christi property as the address for Lillard Investments LLC. Lillard Family Rentals, LLC and Premier Coverage LLC also list the address with the Texas Secretary of State.

53. Stephanie Lillard and Ronald Lillard have also maintained a jointly controlled bank account during the months leading up to the Judgment and after the Judgment.

54. On information and belief, Lillard, Martinez, Empyrean, and Stephanie Lillard made the aforementioned transfers with actual intent to hinder, delay, or default Santander, Lillard's, Martinez's, and Empyrean's creditor.

55. Santander has not been able to locate or attach any substantial assets of Lillard, Martinez, or Empyrean.

56. Defendants have concealed and are transferring assets to avoid collection by Plaintiff.

57. Based on the factors set forth in Section 24.005(b) of TUFTA, the Defendants' transfers of their property were clearly made with the actual intent to hinder, delay, or defraud

Santander. Accordingly, the transfers are fraudulent pursuant to Section 24.005(a)(1) of TUFTA.

58. Santander has been damaged by Defendants' fraudulent transfer of assets.

## COUNT III.

## CIVIL CONSPIRACY

59. Plaintiff incorporates by reference and restates herein paragraphs 1 through 58 above.

60. During the months leading up to the Judgment and since the Judgment, Stephanie Lillard and Ronald Lillard maintained a jointly controlled bank account.

61. Ronald Lillard, Pete Martinez, Empyrean and Stephanie Lillard have transferred money and assets by and between each other and their business entities, including, but not limited to, PMRL Investments, LLC, Lillard Family Rentals, LLC, Lillard Investments LLC, and Shoreway Investments LLC, in order to prevent payment to Santander and collection of the Judgment by Plaintiff.

62. Pete Martinez, Stephanie Lillard, Gesell Lillard, James Lillard, and Ronald Lillard have conspired to prevent Santander from collecting the Judgment.

63. Plaintiff has been damaged by this conspiracy.

## COUNT IV.

## TEXAS TURNOVER STATUTE

64. Plaintiff incorporates by reference and restates herein paragraphs 1 through 63 above.

65. Plaintiff has been damaged by the business scheme and transfer and concealment of assets by Defendants.

66. Lillard's alter egos are Sandy Gate Homes LLC, Premier Coverage LLC, RLNA

13

Holdings d/b/a/a On Point Armory, PMRL Investments, LLC, and Shoreway Investments LLC.

67. PMRL Investments, LLC, PMRL Transport, LLC, Momentum Auto Group, LLC, Sovereign Auto Group, LLC, Texas Builders, and Martinez Holdings, LLC are the alter egos of Martinez.

68. Lillard Family Rentals, LLC and Lillard Investments LLC are the alter egos of Stephanie Lillard.

69. Lillard Family Rentals, LLC is the alter ego of James Lillard.

70. Lillard Auto Group, LLC is the alter ego of Gesell Lillard.

71. Plaintiff relies upon the theory of reverse corporate piercing in seeking recovery from the above-referenced entities, which are the alter egos of Pete Martinez, Ronald Lillard, Stephanie Lillard, Gesell Lillard, and James Lillard.

72. The assets of the above-referenced entities should be turned over to Plaintiff, pursuant to Texas Civil Practice & Remedies Code § 31.002, to satisfy the judgment.

## VI.   ATTORNEY'S FEES

73. Santander seeks and is entitled to attorney's fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code and Section 24.013 of TUFTA.

## VII.   PRAYER

WHEREFORE, on Counts I, II, III, and IV of this Complaint, Plaintiff demands judgment against each defendant, jointly and severally, for the sum of $4,775,402.72, plus interest and costs and further relief as follows:

1. The issuance of a permanent injunction or the appointment of a receiver, to prevent the dilution, transfer, or dissipation of Ronald Lillard's, Pete Martinez's, and Empyrean Auto Group, LLC's assets until the judgment is satisfied;

2. The voiding of all fraudulent transfers and/or judgment against the transferees in the amount of the transfers;

3. The turnover of assets of Defendants, to the extent of the judgment;

4. Actual economic and exemplary damages to be proven at trial;

5. Attorney's fees as permitted by the Texas Uniform Fraudulent Transfer Act, the Texas Civil Practice and Remedies Code, and, as applicable, the Uniform Fraudulent Transfer Act in effect in other pertinent jurisdictions;

6. Costs and interest;

7. The maximum prejudgment and post-judgment interest as permitted by law; and

8. Such other equitable relief this court deems just and proper.

Respectfully submitted,

COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1198 (Direct)
(512) 610-1184 (Fax)

By: */s/ Stephanie H. Cook*
STEPHANIE H. COOK
Attorney in Charge
State Bar No. 24013071
S.D. No. 396487
scook@cokinoslaw.com

OF COUNSEL:
LINA Y. GARCIA
State Bar No. 24030185
S.D. No. 34981
lgarcia@cokinoslaw.com
ABIGAIL E. CHACON
State Bar No. 24105029
S.D. No. 3484558
achacon@cokinoslaw.com

**ATTORNEYS FOR JUDGMENT CREDITOR/PLAINTIFF SANTANDER BANK, N.A.**