# Exhibit A

## RELEASE, INDEMNITY, AND SETTLEMENT AGREEMENT

This Release, Indemnity, and Settlement Agreement ("**Agreement**") is entered into as of the date of the last appearing signature below ("**Effective Date**"), by and between:

| | |
|---|---|
| **Plaintiff:** | **Santander Bank, N.A. ("Santander" or "Releasing Party").** |
| **Released Parties:** | **Ronald J. Lillard, Stephanie Lillard, Gesell Lillard, Susan Spangenberg, Lillard Auto Group, LLC, Lillard Auto Group, LLC d/b/a Rapid Finance a/k/a Capital Finance, Allegiance Motor Cars, LLC, Premier Coverage, LLC, Steven Spangenberg, Lillard Investments, LLC, PMRL Investments, LLC, Eclipse Financial, LLC, Regions Auto Group, LLC, Regions Financial, LLC, Nathan Arn, Shoreway Investments, LLC, Sandy Gate Homes, LLC, Stephanie Lillard in her capacity as Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust, and Ronald Lillard in his capacity as Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust (collectively "Released Parties").** |

## RECITALS

**WHEREAS**, Santander initiated a lawsuit against Ronald J. Lillard, Pete Martinez, Jr., Empyrean Auto Group, LLC ("Empyrean"), and Basin Subaru, LLC ("Basin Subaru") (collectively "Judgment Debtors") for failing to comply with their payment obligations under Santander's financing arrangement on or around March 15, 2019 in a matter styled as *Santander Bank, N.A. v. Empyrean Auto Group, LLC, Basin Subaru, LLC, Ronald J. Lillard, and Pete Martinez, Jr.,* Civil Action No. 2:19-cv-00088-DSM, in the United States District Court for the Southern District of Texas, Corpus Christi Division ("Underlying Lawsuit") and obtained a judgment against the Judgment Debtors on or around October 19, 2022 in the Underlying Lawsuit for $7,707,260.87, along with pre-judgment interest, attorneys' fees, and post-judgment interest accruing at a rate of 4.15% per annum from the date of entry of judgment ("Underlying Judgment");

**WHEREAS**, Santander filed the current lawsuit against Ronald J. Lillard, Pete Martinez, Jr., Empyrean, Basin Subaru, and Stephanie Lillard (collectively "Defendants") on March 18, 2024 ("Pending Lawsuit") to recover assets, including those Santander believes were fraudulently transferred in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code Ann. § 24.000 *et seq.* ("Fraud Claims"). Santander also alleges that the following conspired with Ronald Lillard, Pete Martinez, Jr., Empyrean, and Basin Subaru in the fraudulent transfer of assets, including, but not limited to, Defendants, Gesell Lillard, Nathan Arn, Lillard Auto Group, LLC, Lillard Auto Group, LLC d/b/a Rapid Finance a/k/a Capital Finance, Steven Spangenberg, Sandy Gate Homes, LLC, Lillard Investments, LLC, PMRL Investments, LLC, Eclipse Financial LLC, Regions Auto Group, LLC or Regions Financial, LLC, Shoreway Investments, LLC, and Stephanie Lillard in her alleged capacity as Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust. As part of the

RELEASE, INDEMNITY, AND SETTLEMENT AGREEMENT                                                    1

Pending Lawsuit, Santander seeks a turnover order, declaratory relief, an equitable constructive trust, and attorneys' fees and costs;

**WHEREAS,** the Pending Lawsuit is styled as *Santander Bank, N.A. v. Ronald J. Lillard et al.,* Civil Action No. 2:24-cv-00069, In the United States District Court for the Southern District of Texas – Corpus Christi Division and Santander filed its First Amended Complaint on May 12, 2025 against the Released Parties;

**WHEREAS**, Pete Martinez, Jr. filed his Suggestion of Bankruptcy and Notice of Automatic Stay in the Pending Lawsuit on or around August 23, 2024. Pete Martinez, Jr. filed his bankruptcy petition under Chapter 7 of Title 11 of the United States code in the United States Bankruptcy Court for the Western District of Texas, Case No. 24-70127-smr ("Martinez Bankruptcy Proceeding") where it is pending as of the date of this Agreement. Additionally, the Court Granted Defendants' Motion to Stay Proceedings as to Pete Martinez, Jr. and denied it as to Ronald Lillard, Empyrean, and Stephanie Lillard;

**WHEREAS**, in consideration of the payments being made on behalf of the Released Parties, Santander is executing and delivering this Agreement, which provides for the full settlement and discharge of all claims against Released Parties that are or might have been the subject matter of the Original Complaint and any amended complaints or any claims that were brought by Santander in the Pending Lawsuit and set forth certain representations, warranties, and covenants of Santander as set forth below;

**WHEREAS**, each of the Released Parties, as a party to the Pending Lawsuit, waives service of the First Amended Complaint and Citation and voluntarily submit to the jurisdiction of the proceeding; and

**WHEREAS**, Santander and the Released Parties (collectively "Parties") desire to enter into this Agreement in order to provide for certain payments in full settlement and discharge of all claims against the Released Parties arising from or relating to the Fraud Claims, upon the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which Santander and Ronald Lillard acknowledges, hereby agree as follows:

## AGREEMENT

1.  **Release and Discharge**.

1.1     In consideration of the payment(s) set forth in Section 2, Santander on behalf of itself and its beneficiaries, guardians, principals, agents, assigns, or any of them, either individually or in any capacity, hereby acquit and completely releases and forever discharges Released Parties (as defined in Section 1.2) of and from the Underlying Judgment and from the claims asserted in the Pending Lawsuit, which Santander now has, or which it may have previously accrued or otherwise previously acquired, on account of, or may in any way grow out of, or which are or could be the subject of the Pending Lawsuit.

**1.2**     This release and discharge effected by this Agreement shall only apply to the following defendants in the Pending Lawsuit: Ronald J. Lillard, Stephanie Lillard, Gesell Lillard, Susan Spangenberg, Lillard Auto Group, LLC, Lillard Auto Group, LLC d/b/a Rapid Finance a/k/a Capital Finance, Allegiance Motor Cars, LLC, Premier Coverage, LLC, Steven Spangenberg, Lillard Investments, LLC, PMRL Investments, LLC, Eclipse Financial, LLC, Regions Auto Group, LLC, Regions Financial, LLC, Nathan Arn, Shoreway Investments, LLC, Sandy Gate Homes, LLC, Stephanie Lillard in her capacity as Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust, and Ronald Lillard in his capacity as Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust. For all purposes of this Agreement, the persons and entities referenced in this Section 1.2 shall be collectively referred to as the "Released Parties."

**1.3**     The Parties acknowledge and agree that the release and discharge set forth above is a limited release of the Released Parties from the Underlying Judgment and the claims asserted in the Pending Lawsuit. This Agreement and any release or discharge apply solely and exclusively to any and all claims, demands, causes of action, obligations, damages, or liabilities of any kind, known or unknown, suspected or unsuspected, that arise out of or relate exclusively to that certain Floorplan Financing and Security Agreement dated October 3, 2017 between Empyrean Auto Group, LLC and Basin Subaru, LLC and Santander Bank, N.A. ("Floorplan Financing Agreement"). This release shall not extend to, and expressly excludes, any claims or liabilities that arise out of or relate to any other notes, debts, obligations, contracts, instruments, or dealings between the Parties, whether existing now or arising in the future, including but not limited to those that may be acquired by Santander Bank, N.A., whether through merger, acquisition, purchase and assumption transactions, or otherwise. Nothing in this Agreement shall be construed to release, waive, impair, or limit in any way any rights, claims, remedies, or defenses that Santander Bank, N.A., its successors, or assigns may have or acquire in connection with any other debts, instruments, liabilities, or obligations not specifically identified in the Floorplan Financing Agreement.

**1.4**     Santander acknowledges and agrees that the payment and consideration required by Section 2 hereof fully and completely compensates and satisfies Santander for its damages, expenses, and all other claims released arising under the Floorplan Financing Agreement.

**1.5**     The Released Parties, for and in consideration of the agreements, promises, and covenants set forth herein, and other good and valuable consideration, hereby fully and unconditionally forever release and discharge Santander, and its present and former parent companies, subsidiaries, affiliates, officers, directors, shareholders, members, managers, employees, agents, attorneys, insurers, predecessors, successors, and assigns from any and all claims, demands, causes of action, obligations, suits, liabilities, attorneys' fees, damages, losses, expenses, and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, in law or equity, that the Released Parties now has, owns, or holds, or at any time heretofore ever had, owned, or held, against

Santander arising out of or related to the Pending Lawsuit or Underlying Lawsuit. The Released Parties intend for this release of Santander to be as broad and inclusive as permitted by applicable law and shall be governed by and interpreted in accordance with the laws of the State of Texas, without regard to conflicts of law principles.

1.6    The Parties acknowledge that a Notice of Lis Pendens has been filed against certain real property located in Nueces County, Texas, in connection with the Pending Lawsuit ("Lis Pendens"). The Lis Pendens is recorded in the Official Public Records of Nueces County, Texas, Document No. 2025013486. The Parties agree that the Lis Pendens shall remain in full force and effect and shall not be released, withdrawn, or discharged until full and final payment of the Settlement Payment under this Agreement is made and cleared, including all payment amounts owed as part of any monthly payment agreement noted herein. Upon confirmation of full payment of the Settlement Payment, Santander shall, upon the written request of the Released Parties or any of them deliver a release of Lis Pendens suitable for filing in the real property records of Nueces County, Texas. The Parties further agree that the Lis Pendens shall serve as continuing security for payment of all amounts due under this Agreement in addition to any Agreed Judgment held in escrow.

1.7    The Parties agree that this Agreement resolves all claims from or related to the Underlying Judgment. The Parties Agree that the Underlying Judgment shall be deemed satisfied and released only upon the Released Parties' full and timely performance of all obligations under this Agreement, including full payment of the Settlement Payment set out in Section 2 below.

1.8    As a material condition of this Agreement, and as security for the Released Parties' performance, the Released Parties agree to execute an Agreed Final Judgment in favor of Santander in the total of $8,561,978.63 (the "Agreed Judgment"), which includes the Underlying Judgment, and to deliver such signed Agreed Judgment to Santander's counsel, to be held in escrow and filed only in the event of default under this Agreement.

1.9    If the Released Parties fail to make any payment required under this Agreement and such failure is not cured within fifteen (15) calendar days after written notice from Santander, then:

1.    Santander shall be entitled to immediately file and request entry of the Agreed Judgment in the case styled: *Santander Bank, N.A. v. Ronald J. Lillard, et al.,* Civil Action No. 2:24-CV-00069, in the United States District Court for the Southern District of Texas, Corpus Christi Division. A true and correct copy of the form Agreed Judgment is attached as **Attachment A**;

2.    The Agreed Judgment shall be enforceable for the full amount of $8,561,978.63, plus attorneys' fees and additional interest incurred through the date of filing of the Agreed Judgment, less any payments previously made by the Released Parties under this Agreement;

RELEASE, INDEMNITY, AND SETTLEMENT AGREEMENT                                                                    4

3. The Released Parties irrevocably waive any right to contest the entry or enforcement of the Agreed Judgment on any grounds, including without limitation any defenses related to the Pending Lawsuit, Underlying Lawsuit, or Underlying Judgment;

4. Santander shall be entitled to all post-judgment remedies available under Texas law, including execution, garnishment, and turnover relief.

**1.10**    Upon full payment of the Settlement Payment and satisfaction of all obligations under this Agreement, Santander agrees to execute and file a full release of the Underlying Judgment and a dismissal with prejudice of any pending claims related to the Pending Lawsuit, Underlying Lawsuit, and Underlying Judgment.  Unless and until such performance is completed, Santander retains all rights under this Agreement, cloud on any title related to properties owned by the Released Parties (including the Notice of Lis Pendens), and the Agreed Judgment.  The Parties agree that any such action shall not be deemed a breach of this Agreement but rather an exercise of Santander's reserved rights in the event of non-compliance.

**1.11**    Santander agrees that it has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact with Released Parties.  Santander agrees that the settlement effected by this Agreement includes the compromise and settlement of both disputed and undisputed claims, and the payments made pursuant hereto are not to be construed as an admission of liability on the part of the Released Parties alone, by whom liability is expressly denied.

**1.12**    Santander understands and agrees that any and all outstanding discovery requests as to Released Parties, either in the form of interrogatories, requests for production, requests for disclosure, requests for admission of fact and/or subpoenas duces tecum, and any and all motions concerning the Released Parties pending as of the Effective Date, have been and/or are hereby waived and withdrawn and the Released Parties are hereby released from having to respond, supplement or make any disclosure or corrections regarding any matter which may have been inquired about as a result of any such discovery.

**1.13**    Notwithstanding anything to the contrary herein, this Agreement does not apply to or release, discharge, or otherwise affect any claims, and specifically preserves, all claims made or which may exist against Empyrean Auto Group, LLC, Basin Subaru, LLC, and Pete Martinez, Jr. and all of their past, present, and future parent companies, subsidiaries, divisions, affiliates, predecessors, successors, assigns, officers, directors, managers, members, partners, shareholders, employees, agents, contractors, representatives, attorneys, insurers, all persons or entities acting on their behalf or in concert with them, any assumed or fictitious business names used now or in the future, and any other business entities or enterprises under common control or ownership with the above-referenced companies and persons, whether direct or indirect.  This Agreement also does not apply to or release, discharge, or otherwise affect any claim that Santander can assert, make, or raise in relation to the Martinez Bankruptcy Proceeding.

**2.**     **Payments/Consideration**

2.1     In consideration of the release set forth above, Santander is settling with the Released Parties for the total amount of One Million Three Hundred Thousand and 00/100 Dollars ($1,300,000.00) ("Settlement Payment") as outlined and specified below:

    2.1.1     Ronald Lillard on behalf of the Released Parties agrees to pay Eight Hundred Thousand and 00/100 Dollars ($800,000.00) to Santander within seven (7) days of the Effective Date of this Agreement ("Lump Sum").

    2.1.2     Ronald Lillard on behalf of the Released Parties agrees to pay Five Hundred Thousand and 00/100 Dollars ($500,000.00) in equal monthly installments in addition to the Lump Sum. Specifically, Ronald Lillard agrees to make monthly payments each in the amount of Thirteen Thousand Eight Hundred Eighty-Eight and 89/100 Dollars ($13,888.89) on the tenth (10th) day of each month beginning on August 10, 2025, and monthly thereafter until the Settlement Payment is paid in full. Attached to this Agreement as **Attachment B** is a true and correct copy of the Promissory Note reflecting Ronald Lillard's obligations made on behalf of the Released Parties to pay $500,000.00. Santander will not pursue interest as allowed by law and statute as part of the monthly payments but reserves the right to in accordance with 2.1.2.1 and 2.1.2.2. Ronald Lillard, on behalf of the Released Parties, has the right to prepay the entire balance outstanding hereunder at any time without penalty.

        2.1.2.1 <u>Costs and Attorney Fees</u>. The Parties acknowledge and agree that each will pay their own legal fees and costs incurred in connection with the Pending Lawsuit with respect to claims specifically brought against the Released Parties, including but not limited to costs and attorneys' fees incurred in connection with the negotiation and execution of this Agreement. Santander reserves its right to seek any award of attorneys' fees or costs from the Released Parties in the event that they fail to make the Settlement Payment set out in Section 2. Santander does not waive, and expressly reserves, its right to pursue attorneys' fees and costs associated with the Pending Lawsuit against any other defendant, non-released parties, or potential party in the execution of this Agreement.

        2.1.2.2 <u>Late Fees and Interest</u>. The Parties acknowledge and agree that if Ronald Lillard does not pay Santander within five (5) calendar days of the due date set out above, any late payment will accrue interest at a rate of one and one-half percent (1.5%) per month, or the highest rate allowed by law, whichever is lower, on the outstanding balance until paid in full.

2.2     Payment shall be made to Santander Bank, N.A. by wire transfer. Ronald Lillard may prepay, without penalty or premium, all or any part of the principal of the

Settlement Payment on or before the due date of any payment to satisfy the Settlement Payment.

**2.2.1** Settlement Payment shall be made via wire transfer pursuant to the instructions found in **Attachment C**. These wiring instructions shall be deemed final and controlling for purposes of this Agreement and the Promissory Note unless modified in a writing signed by the Parties.

3.    <u>**Right to Settle and Capacity to Settle**</u>.

Santander and the Released Parties warrant they have the right and authority to release, relinquish, settle, and discharge all Released Claims addressed in the Mutual Release section of this Agreement.

4.    <u>**Reliance on Counsel.**</u>

In entering this Agreement, Santander, and the Released Parties hereby agree that they have had the opportunity to seek and rely upon the legal advice of attorneys of their choosing.  Additionally, the Parties fully understand and voluntarily accept the Agreement's terms based on the consideration set forth in this Agreement and not on any other promises or representations by the other parties or any attorney or other agent or representative of the other parties.  In deciding to sign this Agreement, the Parties did not rely on and have not relied on any oral or written representation or statement by any party or any attorney, or other agent or representative of the other parties, including but not limited to any representation or statement about the subject matter, basis, or effect of this Agreement.

5.    <u>**Completion of Bank Loan Package**</u>.

As a material condition of this Agreement, the Released Parties agree to fully and accurately complete, execute, and deliver to Santander or its designee all application forms and related documentation reasonably required by Santander in connection with the execution of the Promissory Note attached as Attachment B. A true and correct copy of the loan application documents Santander requires the Released Parties to complete include, but may not be limited to, those attached as **Attachment D**.  The Released Parties shall provide such completed documentation in conjunction with the Effective Date of this Agreement, or such other date as may be mutually agreed in writing. The Parties agree that failure to timely complete and deliver such documentation shall constitute a material breach of this Agreement.

6.    <u>**Counterparts, Electronic Execution, and Copies.**</u>

This Agreement may be in the form of an Electronic Record and may be executed using Electronic Signatures (including, without limitation, facsimile, and .pdf) and shall be considered an original, and shall have the same legal effect, validity and enforceability as a paper record.  This Agreement may be executed in as many counterparts as necessary or convenient, including both paper and electronic counterparts, but all such counterparts are one and the same Agreement.  For the avoidance of doubt, the authorization under this paragraph may include, without

limitation, use or acceptance by either party of a manually signed paper communication which has been converted into electronic form (such as scanned into .pdf format), or an electronically signed communication converted into another format, for transmission, delivery, and/or retention. For purposes hereof, "Electronic Record" and "Electronic Signature" shall have the meanings assigned to them, respectively, by 15 U.S.C. § 7006, as it may be amended from time to time.

The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Facsimile signatures and signature pages sent by electronic mail shall be binding as though they are originals.

7.    **Agreement to Cooperate.**

The Parties agree to take all actions and to make, deliver, sign, and file any other documents and instruments necessary to carry out the terms, provisions, purpose, and intent of this Agreement.

8.    **Agreement Is Legally Binding.**

The Parties intend that this Agreement is legally binding upon and shall inure to the benefit of each of them and their respective predecessors, successors, assigns, executors, administrators, heirs, and estates.

9.    **Governing Law.**

This Agreement shall be construed and interpreted in accordance with the law of the State of Texas. Any attempt to enforce the terms of this Agreement must be brought in a Corpus Christi Federal District Court.

10.   **Modification.**

Any modification of this Agreement must be in writing, signed by the Parties, to be binding.

11.   **Interpretation; Severability; Enforcement.**

(a)    **Interpretation.** The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, the Parties agree that they participated equally in drafting and negotiating the terms of this Agreement and that this Agreement shall not be construed against any Party as the author or drafter of the Agreement.

(b)    **Severability.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

(c)    **Enforcement.** Nothing in this Agreement shall be construed as or constitute a release of any party's rights to enforce the terms of this Agreement.

12. **Dismissal of Lawsuit and Delivery of Motion to Dismiss with Prejudice.**

Santander agrees that all causes of action against the Released Parties asserted in the Pending Lawsuit will be dismissed with prejudice with costs of Court to be taxed against the party incurring same after fully paying the Settlement Payment. Within thirty (30) days of funding, counsel for Santander will deliver to counsel for the Released Parties a Motion to Dismiss with Prejudice as to the Released Parties. Santander has authorized Santander's attorneys to approve this Motion to Dismiss with Prejudice as to the Released Parties on their behalf and enter it as a matter of record, if or when applicable.

13. **Entire Agreement.**

This Agreement, including the background recitals, constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations, and proposed agreements, written or oral, concerning the subject matter contained in this Agreement. Each Party expressly acknowledges, warrants, and represents that in executing the releases or entering into this Agreement, it is not relying upon any statement, representation, promise, agreement, or warranty not contained in this Agreement. In deciding to enter into this Agreement, each Party is relying solely on its judgment, and each has been represented by legal counsel of its choosing in this matter.

14. **Waiver of Jury Trial.**

EACH OF THE RELEASED PARTIES AND SANTANDER KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE UNDERLYING TRANSACTIONS. THE RELEASED PARTIES CERTIFY THAT NEITHER SANTANDER NOR ANY OF ITS REPRESENTATIVES, AGENTS, OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SANTANDER WOULD NOT, IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

**EACH OF THE PARTIES CERTIFIES THAT HE, SHE, OR IT HAS READ ALL OF THIS AGREEMENT AND FULLY UNDERSTANDS AND AGREES TO EACH OF THE ABOVE TERMS, CONDITIONS, AND PROVISIONS.**

**IN WITNESS THEREOF**, and intending to be legally bound, each of the undersigned Parties hereto has caused this Agreement to be executed as of the date(s) set forth below on the following page(s).

<u>**AGREED TO AND SIGNED BY PLAINTIFF SANTANDER BANK, N.A.:**</u>

**SANTANDER BANK, N.A.**

By: _____John P Bowen VP_____

Representative of Santander Bank, N.A.

Print Name: _John P Bowen_

Job Title: _Vice President_

Address: _____

Date: _6/6/25_

## AGREED TO AND SIGNED BY RELEASED PARTIES

RONALD LILLARD

By: _____     Date: 6-4-25
Ronald Lillard

STEPHANIE LILLARD

By: _____     Date: 6-4-25
Stephanie Lillard

GESELL LILLARD

By: _____     Date: 6/4/2025
Gesell Lillard

SUSAN HODGES SPANGENBERG

By: _____     Date: 06/04/2025
Susan Spangenberg

STEVEN SPANGENBERG

By: _____     Date: 06/04/2025
Steven Spangenberg

NATHAN ARNS

By: _____     Date: 6/4/2025
Nathan Arns

RELEASE, INDEMNITY, AND SETTLEMENT AGREEMENT          11

# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00069 |
| | § | |
| RONALD J. LILLARD, PETE MARTINEZ, | § | |
| JR., EMPYREAN AUTO GROUP, LLC, | § | |
| STEPHANIE LILLARD, GESELL | § | |
| LILLARD, LILLARD AUTO GROUP, LLC, | § | |
| LILLARD AUTO GROUP, LLC D/B/A | § | |
| RAPID FINANCE A/K/A CAPITAL | § | |
| FINANCE, ALLEGIANCE MOTOR CARS, | § | |
| LLC, STEVEN SPANGENBERG, SUSAN | § | |
| HODGES SPANGENBERG, LILLARD | § | |
| INVESTMENTS, LLC, PMRL | § | |
| INVESTMENTS, LLC, ECLIPSE | § | |
| FINANCIAL, LLC, REGIONS AUTO | § | |
| GROUP, LLC, REGIONS FINANCIAL, | § | |
| LLC, NATHAN ARN, SHOREWAY | § | |
| INVESTMENTS, LLC, SANDY GATE | § | |
| HOMES, LLC, PREMIER COVERAGE, | § | |
| LLC, STEPHANIE LILLARD, TRUSTEE | § | |
| OF THE GESELL LILLARD TRUST, | § | |
| GENEVIVE LILLARD TRUST, DESARE | § | |
| RAMOS TRUST, AND JOHNNY LILLARD | § | |
| TRUST, AND RONALD LILLARD, | § | |
| TRUSTEE OF THE GESELL LILLARD | § | |
| TRUST, GENEVIVE LILLARD TRUST, | § | |
| DESARE RAMOS TRUST, AND JOHNNY | § | |
| LILLARD TRUST, AND RONALD | § | |
| LILLARD, | § | |
| | § | |
| Defendants. | § | |

## AGREED FINAL JUDGMENT

On this date came on for consideration this *Agreed Final Judgment* in the above-styled and

numbered cause.  The Court has been informed that all matters have been resolved between and

among Plaintiff Santander Bank, N.A. ("Santander") and Defendants Ronald J. Lillard, Empyrean

Auto Group, LLC, Stephanie Lillard, Gesell Lillard, Lillard Auto Group, LLC, Lillard Auto Group,

LLC d/b/a Rapid Finance a/k/a Capital Finance, Allegiance Motor Cars, LLC, Steven Spangenberg,

Susan Hodges Spangenberg, Lillard Investments, LLC, PMRL Investments, LLC, Eclipse Financial,

LLC, Regions Auto Group, LLC, Regions Financial, LLC, Nathan Arn, Shoreway Investments,

LLC, Sandy Gate Homes, LLC, Premier Coverage, LLC, Stephanie Lillard, Trustee of the Gesell

Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny Lillard Trust, and Ronald

Lillard, Trustee of the Gesell Lillard Trust, Genevive Lillard Trust, Desare Ramos Trust, and Johnny

Lillard Trust, (collectively "Defendants") (collectively "Parties") and that the Parties have agreed

that a final judgment, as set forth herein, should be entered, disposing of all issues in this case.

The Court, after reviewing the pleadings and any motion before this Court, is of the opinion that

this *Agreed Final Judgment* should be entered.

The Court, upon request of the Parties, FINDS that it has jurisdiction of the Parties and

subject matter; that Defendants have properly appeared and, to the extent applicable, waived

service of process in the above-referenced matter; by virtue of their agreements with Santander,

Defendants are indebted to Santander; that the Court has considered the pleadings and the evidence

and is of the opinion that it would be in the interest of the Parties if the Court approves this

agreement and renders judgment accordingly.

The Parties hereby agree and FURTHER FINDS that Defendants are jointly and severally

liable and responsible for payment to Santander for intentionally hindering, delaying, and

defrauding Santander and its ability to collect on its Underlying Judgment entered on or around

October 18, 2022 in *Santander Bank, N.A. v. Empyrean Auto Group, LLC, Basin Subaru, LLC,*

*Ronald J. Lillard, and Pete Martinez, Jr.*, Case No. 2:19-cvc-00088-DSM, in the United States

District Court for the Southern District of Texas Corpus Christi Division ("Underlying Judgment")

as follows:

1. The principal balance of the Underlying Judgment in the amount of $4,775,402.72;

2. Pre-Judgment Interest contractually agreed to by Basin Subaru, LLC and Santander against Basin Subaru, LLC in total of $708,822.56;

3. Pre-Judgment Interest contractually agreed to by Empyrean Auto Group, LLC and Santander against Empyrean Auto Group, LLC in total of $1,931,574.29;

4. Reasonable and necessary attorneys' fees allowed by statute and contract in pursuit of the Underlying Judgment in the amount of $291,461.30;

5. Post-Judgment interest to accrue at a rate of 4.15% per annum from the date of the Underlying Judgment, October 18, 2022 until it is paid in full; and

6. All costs of Court to be taxed against Defendants.

THIS COURT FURTHER FINDS Santander and Defendants hereby agree and stipulate that Defendants are indebted to Santander for additional attorneys' fees in the amount of $_____, which are reasonable and necessary for the cost related to the claims and defenses in the above-styled matter before the Court.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Santander Bank, N.A. have judgment against Defendants, jointly and severally, for $_____, the value of the Underlying Judgment, plus all interest, costs, and fees associated through _____, 202_;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Santander shall also recover from Defendants the sum of $_____, as of the date of this Agreed Judgment, for reasonable and necessary attorneys' fees related to the claims and defenses asserted herein after

entry of the Underlying Judgment. These reasonable and necessary attorneys' fees are in addition to those awarded in the Underlying Judgment;

IT IS FURTHER ORDERED that the Agreed Judgment shall bear post-judgment interest at 4.15% per annum of the damage portion of the award and at the rate of 4.15% per annum as to all other accounts awarded herein, said interest to accrue as allowed by law from the date of this judgment until this judgment is satisfied;

IT IS FURTHER ORDERED that Santander shall have all writs of execution and other process for enforcement and collection of this judgment may be issued as necessary and that the Officer, including deputies, charged with obeying the command of any such writ of process may do so by reasonable means necessary to accomplish such task;

IT IS FURTHER ORDERED that Santander is entitled to all costs of Court which shall be taxed against Defendants; and

IT IS FURTHER ORDERED that Defendants have waived any and all rights of appeal. This Judgment finally disposes of all Parties and all claims specified herein. All relief not expressly granted herein is denied.

SIGNED on _____.


_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND SUBSTANCE:**

COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1198 (Direct)
(512) 610-1184 (Fax)

By: */s/ Stephanie H. Cook*
STEPHANIE H. COOK
Attorney in Charge
State Bar No. 24013071
S.D. No. 396487
scook@cokinoslaw.com

OF COUNSEL:
LINA Y. GARCIA
State Bar No. 24030185
S.D. No. 34981
lgarcia@cokinoslaw.com
ABIGAIL E. CHACON
State Bar No. 24105029
S.D. No. 3484558
achacon@cokinoslaw.com
HOLTON L. WESTBROOK
State Bar No. 24118822
S.D. No. 3771687
hwestbrook@cokinoslaw.com

**ATTORNEYS FOR JUDGMENT
CREDITOR/PLAINTIFF SANTANDER
BANK, N.A.**

AND

GRIFFIN PURNELL LLC
200 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776

By: _____
SIMON PURNELL

Attorney in Charge
State Bar No. 24003889
S.D. No. 23509
simon@griffinpurnell.com
support@griffrinpurnell.com

DANIEL R. GRIFFIN
State Bar No. 24118060
S.D. No. 3656581
dan@griffinpurnell.com
GARETH PURNELL
State Bar No. 24130028
S.D. No. 3861365
gareth@griffinpurnell.com

and

THE MARK LAW OFFICE
1213 Antelope
Corpus Christi, Texas 78415
(361) 816-3582

By: _____
MARK A. GONZALEZ
State Bar No. 24055565
S.D. No. 1133140
Marklaw.tx@outlook.com

**ATTORNEYS FOR DEFENDANTS RONALD J. LILLARD AND EMPYREAN AUTO GROUP, LLC**

# Attachment B

## PROMISSORY NOTE

**$ 500,000.00**                                                                                    **June 4, 2025**

FOR VALUE RECEIVED <u>RONALD LILLARD</u> ("Borrower"), promises to pay to the order of <u>SANTANDER BANK, N.A.,</u> ("Lender" or "Santander"), at 75 State Street, Boston, Massachusetts 02109, or such other place as the holder of this Promissory Note may from time to time designate in writing, the principal sum of **FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($500,000.00)**, or so much thereof as may be advanced in lawful money of the United States, with interest accruing on the unpaid principal balance from time to time remaining unpaid after the date of maturity as follows:

1) <u>Payments of Principal and Interest</u>. The principal and interest of this Promissory Note shall be payable as follows:

   a) Principal Balance on the note equals $500,000.00 ("Principal Balance"). No interest is included in the Principal Balance of the Promissory Note. The Promissory Note Matures after July 10, 2028 ("Maturity"). After Maturity, if not paid in full or in default, all accumulated deferred interest will be added to the Principal Balance. After Maturity (July 10, 2028), interest shall accrue at a rate of 6% per annum and shall be calculated at a daily rate equal to 1/360th of the annual percentage rate that this Promissory Note bears, based on the actual number of days elapsed. Calculation of interest shall accrue 30 days after the payment becomes due.

   b) Ronald Lillard shall pay the Principal Balance in a total of thirty-six (36) installments. The first installment of Thirteen Thousand Eight Hundred Eighty-Eight and 89/100 Dollars ($13,888.89) shall be due on August 10, 2025. The remaining thirty-five (35) installments shall each be in the amount of Thirteen Thousand Eight Hundred Eighty-Eight and 89/100 Dollars ($13,888.89) and shall be due and payable on the tenth of each month, commencing on September 10, 2025 and then on the tenth of each month thereafter until the thirty-fifth and final installment of $13,888.89 due and payable on July 10, 2028. Santander will not pursue interest as allowed by law and statute as part of the monthly payments but reserves the right to in accordance with Section 1a) above in the event that Ronald Lillard or other Borrower default on the terms of this Promissory Note.

   c) All payments of principal and interest under this Promissory Note shall be made in lawful money of the United States by wire transfer of immediately available funds to the account designated in writing by Santander. Unless and until Santander provides different instructions in writing, payments shall be made per the terms of the Release, Indemnity, and Settlement Agreement signed by Ronald Lillard on or around June 4, 2025 (the "Settlement Agreement").

Initials of Borrower: _____

2) <u>Maturity</u>. This Promissory Note shall mature (i.e., all outstanding principal, together with all accrued interest which has not been paid, shall be due and payable in full) on the <u>Maturity Date – July 10, 2028.</u>

3) <u>Prepayment</u>. Borrower shall have the right, at any time and from time to time, to prepay all or any portion of the Promissory Note before the scheduled due date(s), without notice, premium, or penalty. Any such prepayment(s) shall be applied to reduce the outstanding balance by satisfying scheduled payments in reverse chronological order, beginning with the final payment due under this Promissory Note and moving backward. No prepayment shall be applied to defer or reduce the next scheduled payment unless and until all later-due payments have been satisfied in full. Santander shall not impose any condition, fee, or restriction on Borrower's right to prepay, and prepayment shall not affect any other obligation under this Promissory Note unless expressly agreed in writing.

4) <u>Partial Payment</u>. The Borrower may, at any time and from time to time, make partial prepayments of the Principal Balance without penalty, premium, or prior notice. Any partial prepayment of the Principal Balance shall be applied to reduce the outstanding balance by satisfying scheduled payments in reverse chronological order, beginning with <u>the</u> final payment due and moving backward. Partial prepayments shall not be applied to defer or reduce any upcoming scheduled payment unless and until all later-due payments have been satisfied in full. No partial payments shall alter the due dates or amounts of scheduled payment unless otherwise agreed in writing by the Parties.

5) <u>Security Instrument</u>. This Promissory Note is executed pursuant to and in connection with that certain Release, Indemnity, and Settlement Agreement dated June 6, 2025 (the "Settlement Agreement") by and between Santander and the Borrower. As security for the payment and performance of this Promissory Note, the undersigned has executed an Agreed Final Judgment in the amount of $8,561,978.63, which is being held in escrow in accordance with Settlement Agreement ("Security Instrument"). In the event of default under this Promissory Note or the Settlement Agreement and failure to cure within any applicable cure period, Santander shall be entitled to file and enforce the Security Instrument as set forth in the Settlement Agreement. The remedies described herein are in addition to, and not in limitation of, any other rights or remedies available to Santander under the Settlement Agreement, at law, or in equity.

6) <u>Collateral</u>. Santander and Borrower (collectively "Parties") to this Promissory Note agrees and understands that it will be secured by the Security Instrument to be held in trust pending the payment under this Promissory Note and the Settlement Agreement. Borrower jointly and severally authorizes any attorney to appear on his behalf in a proper court at any time on default, and to confess judgment without process against them in favor of the holder of this Promissory Note, and to waive and release all error which may intervene in any such proceedings, and consent to immediate enforcement of the Agreed Judgment identified as the Security Instrument and modified as necessary to reflect the amount then unpaid and due is appropriate, ratifying and confirming all that the attorney may do by virtue of this authority. All parties to this instrument waive presentment for payment, notice of non-payment, protest, and notice of protest. No

PROMISSORY NOTE – Page 2                                    Initials of Borrower: _____

extension or modification will release any of the undersigned Borrower from the obligations of this instrument.

7) <u>Events of Default and Remedies.</u>  Failure by Borrower to timely make any payment required under this Promissory Note or breach or failure to observe any promise or covenant set forth in the Settlement Agreement shall constitute an Event of Default ("Event of Default").  Upon the occurrence of an Event of Default, Santander shall provide written notice of default to Borrower *via* USPS Certified Mail, nationally recognized overnight delivery service, or verified electronic mail, with a copy to Borrower's counsel.  Borrower shall have fifteen (15) calendar days from receipt of such notice to cure the default in full.

8) <u>Remedies Upon Default.</u>  If Borrower fails to cure the default within the applicable cure period: (1) Santander may file and enforce the Agreed Final Judgment, as contemplated in the Settlement Agreement, in the full amount specified therein, less any payments made under this Promissory Note and (2) Santander may recover all attorneys' fees, court costs, and other enforcement expenses as provided in the Settlement Agreement.

9) <u>Late Payments and Limited Cure.</u>  Time is of the essence with respect to all payments due under the Promissory Note.  A payment not received by its scheduled due date shall constitute a default.

10) <u>Controlling Agreement on Interest.</u>  All agreements between Borrower and Santander, whether now existing or hereafter arising and whether written or oral, are hereby limited so that in no contingency or event whatsoever, whether by reason of demand or acceleration of the maturity hereof or otherwise, shall the interest contracted for, charged, received, paid or agreed to be paid to the holder of the Promissory Note exceed interest computed at the Maximum Rate (as defined below).  If, from any circumstance whatsoever, interest would otherwise be payable to Holder in excess of interest computed at the Maximum Rate, the interest payable to Holder shall be reduced to interest computed at the Maximum Rate; and if from any circumstance Holder shall ever receive anything of value deemed interest by applicable law in excess of interest computed at the Maximum Rate, an amount equal to any excessive interest shall be applied to the reduction of the principal hereof and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to the Borrower.  All interest paid or agreed to be paid to Santander shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full period until payment in full of the principal (including the period of any renewal or extension hereof) so that the interest hereon for such full period shall not exceed interest computed at the Maximum Rate.  This section shall control all agreements between Borrower and Santander.  The term "Maximum Rate" shall mean the highest lawful rate of interest applicable to the loan transaction evidenced by this Promissory Note taking into account whichever applicable federal law or Texas law permits the higher rate of interest, and after also taking into consideration all compensation deemed interest under applicable law.

11) <u>Waiver.</u>  Except as expressly otherwise provided for herein, Borrower and all other parties now or hereafter liable or responsible for the payment of this Note, whether as

Initials of Borrower: _____

endorser, guarantor, surety or otherwise, severally waive demand, presentment, presentment for payment, notice of intent to demand, notice of nonpayment, notice of dishonor, diligence in collecting, grace, notice (including notice of intent to accelerate and notice of acceleration) and protest and consent to all renewals and extensions that from time to time may be granted by the holder of this Promissory Note and to all partial payments herein, whether before or after maturity. Borrower hereby further agrees that no act or omission of Santander with reference to any property securing or intended to secure this Promissory Note, including but not limited to failure to file or perfect any lien or security interest, shall release the absolute obligation of Borrower and each such endorser, guarantor or surety to pay this Note as and when due. Additionally, no delay on the part of Santander or other holder(s) of this Promissory Note in the exercise of any power or right under this Promissory Note, the Security Instrument, the Settlement Agreement, or under any other Loan Document shall operate as a waiver thereof, nor shall a single or partial exercise of any power or right preclude other or further exercise thereof or exercise of any other power or right. Enforcement by Santander or other holder of this Promissory Note of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

12) Cumulative Rights. All remedies provided in this Promissory Note, the Security Instrument, the Settlement Agreement, or under any other loan Document are cumulative and non-exclusive. Santander's failure to exercise any right or remedy following an Event of Default shall not waive its right to exercise the same or any other remedy upon any future default.

13) Attorneys' Fees and Costs. If this Promissory Note or any installment or part hereof is not paid when due and the same is placed in the hands of an attorney for collection, or if this Promissory Note is collected by suit or through bankruptcy, probate or other proceedings, Borrower agrees to pay the reasonable attorneys' fees of the holder of this Promissory Note, together with all actual expenses of collection and litigation and costs of court incurred by the holder of this Promissory Note.

14) Interest Rate Limitation. Notwithstanding any provision herein to the contrary, it is the intention of the Parties to comply with applicable usury laws. Accordingly, it is agreed that, notwithstanding any provision to the contrary in this Promissory Note or in any of the other documents evidencing or securing the indebtedness evidenced hereby, in no event shall this Promissory Note or such documents require the payment or permit the collection of interest in excess of the maximum amount permitted by applicable law. If any excess interest is contracted for, charged, or received under this Note or otherwise in connection with the indebtedness evidenced hereby, or in the event the maturity of the indebtedness is accelerated in whole or in part, so that the amount of interest contracted for, charged, or received on the indebtedness exceeds the maximum amount permitted by applicable law, then in such event (a) the provisions of this paragraph shall govern and control, (b) neither the maker hereof nor any other person or entity now or hereafter liable for the payment hereof shall be obligated to pay the amount of such interest to the extent it is in excess of the maximum amount permitted by applicable law, (c) any such excess shall be deemed a mistake and canceled automatically and, if theretofore paid, shall be credited against the principal amount of the indebtedness or, if the principal amount of the indebtedness has been paid in full,

Initials of Borrower: _____

refunded to the maker, and (d) the effective rate of interest shall be automatically subject to reduction to the Maximum Lawful Rate (as defined below), and such reduction shall be effected by reducing the interest charged hereunder, and any subsequent interest rate increases shall be limited to the Maximum Lawful Rate. The term "Maximum Lawful Rate" means the maximum lawful rate of interest permitted under applicable federal or Texas law.

15) <u>Notices</u>.  Any notice or demand required or to be given hereunder shall be in writing, and shall be deemed to have been given and received when sent by email addressed as follows:

|  |  |
|---|---|
| If to Borrower: | Ronald Lillard<br>6210 S. Padre Island Drive<br>Corpus Christi, Texas 78412 |
| If to Santander: | John Bowen, Santander Bank, N.A.<br>Email: jbowen@santander.us<br>Vice President<br>Santander Bank, N.A.<br>75 State Street<br>Boston, Massachusetts 02109 |

The addresses or addresses set forth in this Promissory Note may be changed by any party by giving notice of such change to the other party in the manner provided herein for giving notice.  The Parties agree to notify each other of any change of address within thirty (30) days of such change.

16) <u>Severability</u>.  In case any of the provisions of this Promissory Note shall for any reason be held to be invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not affect any other provision hereof and this Promissory Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

17) <u>GOVERNING LAW</u>.   THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS AND THE LAWS OF THE UNITED STATES APPLICABLE TO TRANSACTIONS IN TEXAS.

18) <u>JURISDICTION AND VENUE</u>.  ALL ACTS CONTEMPLATED BY THIS NOTE SHALL BE PERFORMABLE IN NUECES COUNTY, TEXAS, AND ALL SUMS PAYABLE UNDER THIS NOTE SHALL BE PAYABLE IN NUECES COUNTY, TEXAS.  BORROWER HEREBY CONFIRMS AND AGREES THAT ALL LEGAL ACTIONS INVOLVING THE VALIDITY OR ENFORCEMENT OF THIS NOTE SHALL HAVE JURISDICTION AND VENUE IN CORPUS CHRISTI FEDERAL DISTRICT COURT.

19) <u>WAIVER OF JURY TRIAL</u>.   EACH OF THE BORROWER AND SANTANDER KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT

OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE UNDERLYING TRANSACTIONS.   THE BORROWER CERTIFIES THAT NEITHER SANTANDER NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SANTANDER WOULD NOT IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF THE RIGHT TO TRIAL BY JURY.

20) <u>Headings</u>.  The headings of the paragraphs of this Note are inserted for convenience only and shall not be deemed to constitute a part hereof.

21) <u>Successors and Assigns</u>.  This Note and all of the covenants, promises, and agreements contained herein shall be binding upon and shall inure to the benefit of Borrower and Santander and their respective executors, administrators, successors, and assigns.

22) <u>FINAL AGREEMENT</u>.   This Promissory Note and the other Loan Documents executed in connection with the disbursement of funds evidenced by this Promissory Note, together with the Settlement Agreement, represent the final and complete agreement between Santander and the Borrower.   These documents may not be contradicted by evidence of any prior, contemporaneous, or subsequent oral agreements.   There are no unwritten oral agreements between Santander and the Borrower.

23) <u>Governing Agreement</u>.  This Promissory Note is issued pursuant to, and subject to the terms of, the Settlement Agreement.  To the extent any terms of this Promissory Note conflict with the Settlement Agreement, the Settlement Agreement shall govern.  All provisions of this Promissory Note shall be construed in a manner consistent with the Settlement Agreement.

Executed on this _____ day of _____, 2025.


**BORROWER:**

RONALD LILLARD

_____
**RONALD LILLARD**

_____6/4/25_____
**DATE**


**SUBSCRIBED AND SWORN TO BEFORE ME** by Ronald Lillard,  to certify which, witness my hand and seal of office this __4th__ day of __June__, 2025.

(Seal)

ANGELICA CHRISTENSEN
Notary Public, State of Texas
Comm. Expires 11-14-2027
Notary ID 10302291

_____
NOTARY PUBLIC, STATE OF TEXAS

My commission expires: __11-14-2027__

Initials of Borrower: _____

**LENDER:**

SANTANDER BANK, N.A.

NAME: _John P Bowen_
ITS: _Vice President_
DATE: _6/6/25_

      **SUBSCRIBED AND SWORN TO BEFORE ME** by _John Bowen_ _Vice President_ of Santander Bank, N.A., to certify which, witness my hand and seal of office this _06_ day of _JUNE_, 2025.

(Seal)

      NOTARY PUBLIC, COMMONWEALTH
      OF MASSACHUSETTS

My commission expires: _06/12/2031_



**KAYKY SANTOS**
Notary Public, Commonwealth of Massachusetts
My Commission Expires June 12, 2031

PROMISSORY NOTE – Page 7

Initials of Borrower: _____

# Attachment C

Confidential





FROM:    Auto Finance Operations              800-344-9732 Phone
         Reading, PA                          800-284-4318 Fax

RE:      Santander Bank N.A. -  Wiring Instructions

DATE:    ▓▓▓▓▓▓▓                              # of pages: 1


Name Of Dealership
Our wiring instructions are:

         Santander Bank N.A.
         Wyomissing, PA
         ABA:  231372691
         G/L Account:  8433191500
         Reference:

         Attn:  Auto Finance Operations


*This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message.  If you have received this message in error, please advise the sender and destroy this message.  Thank you.*

# Attachment D



## Legal Entity Beneficial Owner(s) Certification

**What is this form?**
Person(s) opening an account on behalf of a legal entity (business) needs to provide specific information as required by the Bank Secrecy Act.

This regulation requires Santander to collect this information to help fight financial crime, because legal entities may be used to disguise involvement in money laundering, terrorist financing, tax evasion, fraud, and other financial crimes.

**What information is required?**
This form collects three key pieces of information:

1. Information on any legal entity (business) that owns this business.
2. The people who have ownership of the legal entity (business).
3. One individual who has significant responsibility for managing the legal entity (business).

If you feel your business is exempt from providing this information, such as a company listed on the New York or NASDAQ stock exchange, please ask to review the exemption certification form.

**Name and Address of Business**

PREMIER COVERAGE LLC

93 - 2407653

Name                                                                 Tax Identification Number

6210 S PADRE ISLAND DR

Physical Address

| CORPUS CHRISTI | TX | 78412 | US |
|---|---|---|---|
| City | State | ZIP | Country |

**Is your business owned or part of another legal entity?**

The following information must be provided for each business entity or trust that, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise owns an equity interest of the legal entity listed above.

☑ No other legal entity (business) own an equity interest.

| Name | Country of Formation | Percentage of Ownership |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

CONFIDENTIAL

Form continues on next page. ›



## Legal Entity Beneficial Owner(s) Certification

**Who are the individuals who have an equity ownership?**

The following information must be provided for **each** individual (if any) who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise, owns an equity interest of the legal business entity listed above:

❑ No individuals meet the above definition. For example, no single person has a high enough % of ownership in the company.

---

Name: **RONALD LILLARD**                    Date of Birth: **03/10/1982**

Physical Address: **6210 S PADRE ISLAND DR**

Percentage of Ownership: **100**

☑ **For US Persons** – Social Security Number: **458811633**

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                    – Country of Citizenship:

---

Name:                                       Date of Birth:

Physical Address:

Percentage of Ownership:

❑ **For US Persons** – Social Security Number:

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                    – Country of Citizenship:

---

Name:                                       Date of Birth:

Physical Address:

Percentage of Ownership:

❑ **For US Persons** – Social Security Number:

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                    – Country of Citizenship:

---

Name:                                       Date of Birth:

Physical Address:

Percentage of Ownership:

❑ **For US Persons** – Social Security Number:

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                    – Country of Citizenship:

---

Name:                                       Date of Birth:

Physical Address:

Percentage of Ownership:

❑ **For US Persons** – Social Security Number:

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                    – Country of Citizenship:

---

Form continues on next page. ›

 Santander

# Legal Entity Beneficial Owner(s) Certification

**Who manages the legal business entity?**

The following information must be provided for **one** individual with significant responsibility for the legal business entity for which the account is opened.

A person with significant responsibility includes an executive or senior manager such as the chief executive officer, chief financial officer, chief operating officer, managing member, general partner, president, treasurer, or any other individual who regularly performs similar functions.

Please list the information below, even if this person is also an owner captured above.

Name: RONALD LILLARD                                          Date of Birth: 03/10/1982

Title:  MEMBER

Physical Address: 6210 S PADRE ISLAND DR CORPUS CHRISTI TX 78412

☑ **For US Persons** – Social Security Number: 458811633

❑ **For Non-US Persons** – Passport Number and country of issuance or alien identification card number:
                                        – Country of Citizenship:

**Applicant's Signature**

I hereby certify that I am an authorized signer of the business listed above and the information provided above is complete and accurate.

_____                          06/04/2025
Signature                                                         Date

RONALD LILLARD
_____
Printed Name

**For internal use:**

_____
Customer Number

Santander Bank, N.A. is a Member FDIC and wholly owned subsidiary of Banco Santander, S.A. ©2018 Santander Bank, N.A. All rights reserved. Santander, Santander Bank and the Flame logo are trademarks of Banco Santander, S.A. or its subsidiaries in the United States or other countries. All other trademarks are the property of their respective owners.                                                                                                        176001 04/2018

CONFIDENTIAL

**Santander**
Commercial Banking

## Know Your Customer Questionnaire

### Customer Data

| | |
|---|---|
| Entity Name: | PREMIER COVERAGE LLC |
| Is the entity publicly traded? If so, please provide stock exchange and ticker. | NO |
| Is any percentage of the company state or government owned? | |
| If Yes, please list the state and/or government and the percentage amounts: | |
| Where are the business clients primarily located? | |
| If the business clients are primarily international, please list the countries: | |
| Approximate Annual Revenue in US dollars: | |

### Ultimate Parent Company (if applicable)

| | |
|---|---|
| Parent company name: | NONE |
| Is the parent company publicly traded? If so, please provide stock exchange and ticker. | |
| Parent Company Address: | |

### International Transactions (if applicable)

| | |
|---|---|
| Please list the countries of origin or destination of funds: | NO |
| Relationship with counterparties (i.e. Parent Company, Subsidiary, Employees, Customers, Vendors, Suppliers) | |
| Purpose of transactions (i.e. collections, payments) | |
| Expected total monthly credit/payment amount outside of the United States? | |
| Expected total monthly debit/distribution amount outside of the United States? | |

### ACH (if applicable)

| | |
|---|---|
| Expected monthly dollar value of incoming ACH? | |
| Expected monthly dollar value of outgoing ACH? | |

### Wire Transactions - Amounts: (if applicable)

| | |
|---|---|
| Expected monthly dollar value of incoming domestic? | |
| Expected monthly dollar value of outgoing domestic? | |
| Expected monthly dollar value of incoming international? | |
| Expected monthly dollar value of outgoing international? | |

### Check Deposit Link - Amounts: (if applicable)

| | |
|---|---|
| Expected monthly dollar value? | |
| What type of items will be sent through? (i.e. regular business transactions, international checks, payroll) | |

### Transaction Amounts for entire customer relationship

| | |
|---|---|
| Expected monthly dollar value of total cash deposits? | |
| Expected monthly dollar value of total cash withdrawals? | |
| Expected monthly dollar value of total debit transactions? | |
| Expected monthly dollar value of total credit transactions? | |
| In the preceding year, did your business buy, sell and/or trade at least $50,000 of jewels, precious metals, precious stones, or finished goods that derive 50% or more of their value from jewels, precious metals, or precious stones, including antiques? | |
| If yes, what best describes the goods the business buys and/or sells? | |

### Required Know Your Customer Documentation

| | Attached | On File | N/A |
|---|---|---|---|
| Business Formation Documents (i.e. articles of incorporation/association, etc.) | ☐ Attached | ☑ On File | ☐ N/A |
| Legal Entity Beneficial Owner Certification or Certification of Exemption from Legal Entity Beneficial Ownership | ☑ Attached | | |
| IDs of Individuals listed on the Legal Entity Beneficial Owner Certification (i.e. Passport, US Driver's license) | ☑ Attached | ☐ On File | ☐ N/A |

### Additional Due Diligence

| | |
|---|---|
| Was the business formed by or for the benefit of a US or Foreign Political Figure? | |
| If yes, what is the name and position? | |
| Does the company, or owners, parent company, or other related entity, conduct any business in, or parties associated with, the countries of Burma (Myanmar), Cuba, Iran, Libya, North Korea, Sudan, or Syria? | |
| If Yes, please explain the business activities. | |

Confidential